UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| In Re: Brandon Adams, | 2:23-cv-01923-CDS-MDC |
| Plaintiff, | 2:24-cv-00216-CDS-MDC |
| | 2:24-cv-00219-CDS-MDC |
| | 2:24-cv-00220-CDS-MDC |
| | 2:24-cv-00282-CDS-MDC |
| | 2:24-cv-00392-CDS-MDC |
| | 2:22-cv-01234-CDS-MDC |

Pro se plaintiff Brandon Williams filed complaints in the above referenced matters but has neither paid filing fees nor filed, and been approved, applications to proceed *in forma pauperis*. Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." *Id.*

The District of Nevada has adopted three types of *in forma pauperis* ("IFP") applications: a "Prisoner Form" for incarcerated persons, and a "Short Form" (AO 240) or "Long Form" (AO 239) for non-incarcerated persons. The Court requires plaintiff to either pay the filing fee or file the Long Form IFP application (AO 239) for each of the following matters:

        2:23-cv-01923-CDS-MDC
        2:24-cv-00216-CDS-MDC
        2:24-cv-00219-CDS-MDC
        2:24-cv-00220-CDS-MDC
        2:24-cv-00282-CDS-MDC
        2:24-cv-00392-CDS-MDC
        2:22-cv-01234-CDS-MDC

In completing the Long Form IFP application (AO 239), the plaintiff shall provide: (a) detailed and complete answers to all the information requested in the Long Form; and (b) detailed explanations about his income and expenses, so that the Court is able to make a fact finding regarding the plaintiff's

financial status. Plaintiff must answer all questions in the Long Form and cannot leave any questions blank or respond that a question is "N/A" without an explanation.

Accordingly, **IT ORDERED** that:

1. Plaintiff has until **April 9, 2024,** to pay the filing fee in full or file the Long Form IFP application (AO 239) in each of the following matters:
    2:23-cv-01923-CDS-MDC
    2:24-cv-00216-CDS-MDC
    2:24-cv-00219-CDS-MDC
    2:24-cv-00220-CDS-MDC
    2:24-cv-00282-CDS-MDC
    2:24-cv-00392-CDS-MDC
    2:22-cv-01234-CDS-MDC

2. Failure to comply with this order may result in dismissal of this case or a report and recommendation that this case be administratively closed.

3. The Court notes that plaintiff has filed duplicative cases and cautions plaintiff that filing duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

4. Plaintiff shall not file any documents with the Court in any of the following cases: 2:23-cv-01923-CDS-MDC; 2:24-cv-00216-CDS-MDC; 2:24-cv-00219-CDS-MDC; 2:24-cv-00220-CDS-MDC; 2:24-cv-00282-CDS-MDC; 2:24-cv-00392-CDS-MDC; or 2:22-cv-01234-CDS-MDC, until he has either paid the full filing fee, or the Court has approved his Long Form application to proceed *in forma pauperis* and screened his complaint. Any documents filed in violation of this Order may not be acted upon by the Court and may be struck *sua sponte* from the docket. *See* 28 U.S.C. § 1915(a)(1)(the "commencement" of the action without payment of filing fees is not permitted unless the IFP application is granted); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 42, 111 S.Ct. 2123 (1991)(courts have the inherent authority to manage their dockets "to achieve the orderly and expeditious disposition of cases."); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)(courts have

"have inherent power to control their docket" which includes "the power to strike items from the docket as a sanction….").

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

Dated: March 26, 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge